UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |   |                        |
|----------------------------------------------|---|------------------------|
| MIGUEL A. MORALES,                           | ) |                        |
| Plaintiff,                                   | ) |                        |
| v.                                           | ) | Civil No. 13-12423-FDS |
| LUIS S. SPENCER, Commissioner, BRUCE GELB, Superintendent, OSVALDO VIDAL, Deputy Superintendent of Operations, STEVE CARRIER, Administrative Captain, and D. LEABMAN, Mailroom Officer, | ) | |
| Defendants.                                  | ) |                        |

**MEMORANDUM AND ORDER ON
MOTION TO DISMISS**

**SAYLOR, J.**

This is a civil rights action under 28 U.S.C. §§ 1983 and 1985. Plaintiff Miguel A. Morales, an inmate at Souza-Baranowski Correctional Center, has filed suit against various prison officials contending that they violated his constitutional rights by confiscating as contraband multiple art books because the books contain nudity and sexually explicit material. Defendants have moved to dismiss the complaint for insufficient service of process under Fed. R. Civ. P. 12(b)(5). For the reasons below, the motion to dismiss will be denied and the period for service of process on defendants will be extended until 30 days from the date of this order.

**I.     Analysis**

Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104

(1987). Rule 4 sets forth the acceptable methods for service of process. Under Rule 4(e), there are four ways by which to serve an individual defendant within a federal judicial district: (1) by following the requirements of state law for serving a summons in actions brought in the courts of general jurisdiction in the state where the district court is located or where service is made (here, Massachusetts); (2) by delivering a copy of the summons and the complaint to the individual personally; (3) by leaving copies of those items at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering copies to an agent authorized by appointment or by law to receive service of process.

The Massachusetts rules for service are substantially similar to the federal rules. Service can be made upon an individual by "delivering a copy of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process . . . ." Mass. R. Civ. P. 4(d)(1).

Under the federal rules, service of process must take place within 120 days after the complaint is filed, or the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court, in its discretion, may also grant an extension of time even absent good cause. Fed. R. Civ. P. 4 advisory committee's note (1993).

When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears "the burden of proving proper service." *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). A return of service "generally serves as *prima facie* evidence that service was validly

performed, but a defendant may adduce "rebuttal evidence to refute any presumption of valid service." *Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008).

Plaintiff filed the complaint on September 30, 2013, and by an order dated December 9, 2013, was granted 120 days from that date to complete service—that is, until April 8, 2014. The proofs of service filed with the Court indicate that, for each named defendant, plaintiff "left the summons at the individual's residence or usual place of abode with . . . Officer Morrissey, a person of suitable age and discretion who resides there on January 28, 2014, and mailed a copy to the individual's last known address." (Dkt. No. 11). Attached to the motion to dismiss, defendant Spencer filed a letter stating that he received summons by regular mail to his place of business, and the remaining defendants filed letters stating that they received summons by institutional mail. (Def. Mem., Ex. A). That accords with plaintiff's statement that it cost 98 cents to serve summons on defendant Spencer and cost nothing to serve the other four defendants. (Dkt. No. 11, Ex. A). Based on defendants' assertions, the costs of plaintiff's mailings, and the unlikelihood that Officer Morrissey resides at each of defendants' residences, it is clear that plaintiff has not met his burden of proving timely and proper service of process.

That said, it is the practice of this Court to grant some latitude to *pro se* plaintiffs who make procedural missteps. Plaintiff has not asserted good cause for his failure to serve process in a timely manner, nor has he explicitly asked for a good-cause extension. And *pro se* status "is not automatically enough to constitute good cause for purposes of Rule 4(m)." *McIsaac v. Ford*, 193 F.Supp.2d 382, 383 (D. Mass. 2002)(citing Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1137 (3d ed. 2002)). But neither have defendants shown that they would suffer prejudice if the time for service was extended. Accordingly, the Court will

3

grant plaintiff a thirty-day extension in which to serve defendants and will deny defendants' motion to dismiss without prejudice to its renewal.

**II.** **Conclusion**

For the foregoing reasons,

1. The period for service of process on defendants is extended until June 13, 2014.

2. The motion to dismiss is DENIED without prejudice to its renewal.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: May 14, 2014　　　　　　　　　　　United States District Judge