# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIGUEL A. MORALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No. |
| v. | ) 13-12423-FDS |
| | ) |
| LUIS S. SPENCER, Commissioner, | ) |
| BRUCE GELB, Superintendent, | ) |
| OSVALDO VIDAL, Deputy | ) |
| Superintendent of Operations, STEVE | ) |
| CARRIER, Administrative Captain, and | ) |
| D. LEABMAN, Mailroom Officer, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS

**SAYLOR, J.**

This is a civil rights action under 28 U.S.C. §§ 1983 and 1985. Plaintiff Miguel A. Morales, an inmate at Souza-Baranowski Correctional Center, has filed suit against various prison officials contending that they violated his constitutional rights by confiscating as contraband multiple art books because the books contain nudity and sexually explicit material.

Plaintiff has filed eleven motions seeking joinder of this action with another suit he has filed in this Court, a permanent injunction, a declaratory judgment, and a default judgment. For the reasons set forth below, those motions will be denied.

## I. Background

### A. Factual Background

According to the complaint, Morales is an inmate at the Souza-Baranowski Correctional Center in Shirley, Massachusetts. On June 11, 2013, the mailroom officer at that facility

delivered to Morales a contraband slip indicating that prison officials had confiscated two books that Morales had ordered entitled *Fairy Song* and the *Art of Roca*. On June 21, 2013, Morales filed a grievance, contending that he was entitled to possess the books because they are art books and because similar books had been allowed into the facility, which was denied. On July 18, 2013, he appealed the denial of his grievance, contending that books were educational and, alternatively, that the ban on pornography in prisons should be removed. That grievance was denied. Morales also wrote a letter to Bruce Gelb, the Superintendent of Souza-Baranowski, about his grievance.

On August 17, 2013, Morales received a second contraband slip from the mailroom officer, informing him that a book that he had ordered entitled *Blasphemy: Art That Offends* had been confiscated. Morales wrote to the Deputy Superintendent of Operations, explaining why he believed he should be allowed the book, which was denied. On September 2, 2013, despite having had his grievance privileges suspended, Morales filed an informal grievance about the confiscation of *Blasphemy*.

A February 19, 2014 letter from the Superintendent of Souza-Baranowski, Bruce Gelb, explains that the books are considered contraband due to "pictures of full and graphic nudity, exposed genitalia, and severe body mutilation" and therefore not in compliance with the policies of the Department of Correction. (Dkt. No. 15-2).

### B. **Procedural Background**

On September 30, 2013, Morales filed a complaint in this Court, asserting claims under 42 U.S.C. §§ 1983 and 1985 for denial of his rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. The complaint named as

2

defendants Luis S. Spencer, Commissioner of the Department of Correction; Bruce Gelb, Superintendent of Souza-Baranowski; Osvaldo Vidal, Deputy Superintendent of Operations; Steve Carrier, Administrative Captain; and D. Leabman, Mailroom Officer.

On April 9, 2014, defendants moved to dismiss the complaint for improper service. On May 14, 2014, after finding that plaintiff had failed properly to serve defendants, this Court denied the motion to dismiss without prejudice and extended the period for service of process until June 13, 2014. The Court later granted plaintiff an extension until July 28, 2014, to complete service.

On March 3, March 7, March 18, March 31, April 7, April 22, April 28, and May 22, 2014, plaintiff filed eleven motions in total. (Dkt. Nos. 15, 16, 17, 18, 19, 20, 22, 23, 25, 27, 29). Defendants, who have not yet been served, have not entered an appearance in this case and have not filed any opposition to the motions.

## II. Analysis

Plaintiff's motions are somewhat difficult to comprehend and often duplicative of one another. However, he appears to seek joinder of this action with another that he filed, a permanent injunction, a declaratory judgment, and a default judgment.

Plaintiff seeks joinder of this action with another case that, at the time he filed the motion, was pending before this Court. That complaint has since been dismissed and the case closed. Accordingly, the motions for joinder will be denied.

Plaintiff seeks a preliminary injunction to prevent defendants from enforcing numerous laws and policies, including any ban on the purchase of obscene material, any ban on segregation of the sexes, and any bar to his accessing art and art supplies. Because a court cannot issue a

3

preliminary injunction without notice to the adverse party, and the motion has not been served on defendants, the Court will construe the motions as seeking an *ex parte* temporary restraining order. To obtain such an order, a party must allege "immediate and irreparable" injury or loss that will occur before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b). He must also certify to the court in writing his efforts, if any, to give notice and provide reasons why notice should not be required. *Id.* Plaintiff has failed to allege "immediate and irreparable" injury or loss or to provide such a certification. Accordingly, the motions for a preliminary injunction, construed as motions for a temporary restraining order, will be denied.

Plaintiff also seeks a declaratory judgment under Fed. R. Civ. P. 57. Again, it is unclear what declaration he seeks That rule, however, does not provide any avenue for relief to plaintiff at this early stage of the case. Accordingly, the motions will be denied.

Finally, plaintiff requests default judgment pursuant to Fed. R. Civ. P. 55(d), which this Court construes as a motion for default under Fed. R. Civ. P. 55(a). However, a necessary predicate to entry of default is that a plaintiff have properly served defendants and defendants have been given 60 days to respond. *See* Fed. R. Civ. P. 12(a)(3). By the dates of his motions, defendants had neither been served, nor had 60 days passed. Accordingly, the motions for default will be denied.

## III. Conclusion

For the foregoing reasons, all of plaintiff's motions filed between March 3 and May 22, 2014, (docket numbers 15, 16, 17, 18, 19, 20, 22, 23, 25, 27, and 29) are DENIED. To the extent the motions concern the ultimate or interim relief sought by plaintiff in this case, the denial is without prejudice to their renewal.

**So Ordered.**

          /s/ F. Dennis Saylor
          F. Dennis Saylor IV
Dated: July 8, 2014           United States District Judge