# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| MIGUEL A. MORALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 13-12423-FDS |
| | ) | |
| LUIS S. SPENCER, Commissioner, | ) | |
| BRUCE GELB, Superintendent, | ) | |
| OSVALDO VIDAL, Deputy | ) | |
| Superintendent of Operations, STEVE | ) | |
| CARRIER, Administrative Captain, and | ) | |
| D. LEABMAN, Mailroom Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a civil rights action under 28 U.S.C. §§ 1983 and 1985. Plaintiff Miguel A. Morales, an inmate at Souza-Baranowski Correctional Center, has filed suit against various prison officials, contending that they violated his constitutional rights by confiscating as contraband multiple art books on the ground that the books contained nudity and sexually explicit material.

Defendants have moved to dismiss the complaint for insufficient service of process under Fed. R. Civ. P. 4(m) and 12(b)(5). For the reasons set forth below, the motion will be granted.

**I.  Background**

**A.  Factual Background**

According to the complaint, Morales is an inmate at the Souza-Baranowski Correctional

Center in Shirley, Massachusetts. On June 11, 2013, the mailroom officer at that facility delivered to Morales a contraband slip indicating that prison officials had confiscated two books that he had ordered, entitled *Fairy Song* and the *Art of Roca*. On June 21, 2013, Morales filed a grievance, contending that he was entitled to possess the books because they are art books and because similar books had been allowed into the facility. That grievance was denied. On July 18, 2013, he appealed the denial, contending that books were educational and, alternatively, that the ban on pornography in prisons should be removed. That appeal was denied.[1]

On August 17, 2013, Morales received a second contraband slip from the mailroom officer, informing him that a book that he had ordered entitled *Blasphemy: Art That Offends* had been confiscated. Morales wrote to the Deputy Superintendent of Operations, explaining why he believed he should be allowed the book. That request was denied. On September 2, 2013, despite having had his grievance privileges suspended, Morales filed an informal grievance about the confiscation of *Blasphemy*.

A February 19, 2014 letter from the Superintendent of Souza-Baranowski, Bruce Gelb, states that the books are considered contraband due to "pictures of full and graphic nudity, exposed genitalia, and severe body mutilation" and therefore are not in compliance with the policies of the Department of Correction. (Dkt. No. 15-2).

B.   **Procedural Background**

On September 30, 2013, Morales filed a complaint in this Court, asserting claims under 42 U.S.C. §§ 1983 and 1985 for denial of his rights under the First, Fourth, Fifth, Eighth, Ninth,

---

[1] Morales also wrote a letter to Bruce Gelb, the Superintendent of Souza-Baranowski, about his grievance.

and Fourteenth Amendments to the United States Constitution. The complaint named as defendants Luis S. Spencer, Commissioner of the Department of Correction; Bruce Gelb, Superintendent of Souza-Baranowski; Osvaldo Vidal, Deputy Superintendent of Operations; Steve Carrier, Administrative Captain; and D. Leabman, Mailroom Officer.

On April 9, 2014, defendants moved to dismiss the complaint for improper service. On May 14, 2014, after finding that plaintiff had failed to make proper service, the Court denied the motion to dismiss without prejudice and extended the period for service of process until June 13, 2014. The Court later granted plaintiff another extension until July 28, 2014 to complete service.

On June 2, 2014, plaintiff filed an affidavit stating that he had "mailed the summonses and complaint to the Attorney whom [sic] represents the Defendants, through the institutional mail system . . . ." (Dkt. No. 30). On June 12, plaintiff filed an affidavit stating that he had "served each Defendant at their work place by depositing the above mentioned material [the summons, complaint, motion for leave to proceed, and court order] in the institutional mail service" of Souza-Baranowski. (Dkt. No. 31). On June 16 and June 20, he filed two additional affidavits reiterating his belief that he had served defendants. (*See* Dkt. Nos. 33, 35). Counsel for defendants responded to plaintiff's letters, returning the documents to him and informing him that his attempted service was insufficient. (Def. Mem., Ex. A).

On July 30, 2014, all defendants moved to dismiss under Fed. R. Civ. P. 4(m) and 12(b)(5) for insufficient service of process.

On August 25, plaintiff filed a motion for summary judgment in which he stated that he did not respond to defense counsel's letter because it "had not been certified under perjury

3

[sic] . . . ." (Dkt. 43, ¶ 5). He also stated that he "served Luis Spencer through the institutional mail service at the institution that [he is] incarcerated [within]" and "was able to serve Osvaldo Vidal . . . through the institutional mail service." (Dkt. 43, ¶¶ 3-4).

II.     **Analysis**

Before a federal court may exercise personal jurisdiction over a defendant, proper service of process must be effected. *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 4 sets forth the acceptable methods for service of process. Under Rule 4(e), there are four ways by which to serve an individual defendant within a federal judicial district: (1) by following the requirements of state law for serving a summons in actions brought in the courts of general jurisdiction in the state where the district court is located or where service is made (here, Massachusetts); (2) by delivering a copy of the summons and the complaint to the individual personally; (3) by leaving copies of those items at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering copies to an agent authorized by appointment or by law to receive service of process.

The Massachusetts rules for service are substantially similar to the federal rules. Service can be made upon an individual by "delivering a copy of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process . . . ." Mass. R. Civ. P. 4(d)(1).

Under the federal rules, service of process must take place within 120 days after the complaint is filed, or the court "must dismiss the action without prejudice against that defendant

4

or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). The court, in its discretion, may also grant an extension of time even absent good cause. Fed. R. Civ. P. 4 advisory committee's note (1993).

When the sufficiency of process is challenged under Rule 12(b)(5), plaintiff bears "the burden of proving proper service." *Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). A return of service "generally serves as *prima facie* evidence that service was validly performed, but a defendant may adduce "rebuttal evidence to refute any presumption of valid service." *Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008).

Plaintiff filed the complaint on September 30, 2013 and was granted additional time, until July 28, 2014, to complete service. The affidavits that plaintiff filed with the Court indicate that, for each named defendant, plaintiff sent the summons and complaint through institutional mail to the defendant's place of work or the defendant's attorney. (*See* Dkt. Nos. 30, 31, 32, 33, 35). Defendants have not waived service or permitted service on their attorney. Plaintiff has thus not met his burden of proving timely and proper service of process.

A court may, in its discretion, grant an extension of time to complete service. However, plaintiff has not asserted good cause for his failure to make proper service, nor asked for an extension. Moreover, the Court has previously granted plaintiff multiple extensions and recited the requirements for proper service in a prior memorandum and order. A further extension therefore is not warranted. Accordingly, the motion to dismiss will be granted.

## III. Conclusion

For the foregoing reasons, the motion to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process is GRANTED and the case is DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge

Dated: October 9, 2014